16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

APR 0 7 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LEROY HAROLD PEACOCK, § | | |
|    Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-103 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE-INSTITUTIONAL DIVISION, | § | |
|    Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Leroy Harold Peacock ("Peacock") has filed a petition for habeas corpus (Docket No. 1) pursuant to 28 U.S.C. § 2254. The State has filed a Motion for Summary Judgment. (Docket No. 7). Peacock's petition should be dismissed for the reasons set forth below.

## FACTS

Peacock's petition has its genesis in his 1990 Cameron County, Texas, conviction and twenty-year sentence for car theft. (Docket No. 7, Exhibit A). According to the State, Peacock was released on parole in September 1991. On March 24, 1992, he pled guilty to possession of cocaine in Harris County. (Docket No. 7, Exhibit B). He was sentenced to fifteen years. His parole was revoked on April 7, 1992. (Docket No. 7, Exhibit C). He was paroled again on July 3, 1995. (Docket No.7, Exhibit D). He was convicted of theft and new revocation proceedings were initiated. (Docket No. 7, Exhibit E).

On May 21, 1997, Peacock's parole was again revoked. (Docket No. 7, Exhibit H). Peacock filed a state habeas petition which is dated April 24, 1998, and which is file stamped

by the Cameron County, Texas District Clerk on May 4, 1998.[1] This Petition was denied by the Texas Court of Criminal Appeals on June 10, 1998. This section 2254 petition was filed on July 13, 1998.

## THE SECTION 2254 PETITION

Peacock argues that when his parole was revoked he lost credit for good time. This loss, Peacock contends, is unconstitutional because it deprives him of his liberty without due process and is a violation of the ex post facto clause.

## RECOMMENDATION

The State's response in this case has been exclusively directed to the issue as to whether or not the one year limitation contained in 28 U.S.C. § 2254 bars Peacock's claims. The Fifth Circuit has held that the one year limitation statute added to section 2254 in 1996, begins to run one year from the effective date of the statute, April 24, 1996. *Muhleisen v. Ieyoub*, 1999 WL 104888 (5th Cir. Mar. 2, 1999); *United States v. Flores*, 135 F.3d 1000, 1002-1006 (5th Cir. 1998).

According to the State's calculations, Peacock filed his habeas petition two days late. (Docket No. 11, p.4). Peacock contests the State's calculations.

This case can be decided without a factual analysis of the limitations issue. Peacock's complaints are not cognizable in a section 2254 petition. He argues that his good time credits should not have been taken away from him when his parole was revoked. State law, however, permits this under Tex. Gov't Code Ann. § 498.004(b). The Fifth Circuit has held that requiring a prisoner whose parole has been revoked to serve the remaining balance of his

---

[1] The State records in this case are on the correspondence side of this file.

sentence is not unconstitutional. *Morrison v. Johnson,* 106 F.3d 127, 129, n.1 (5th Cir. 1997).

IT IS THEREFORE **RECOMMENDED** that Leroy Harold Peacock's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of April 1999

_____
John Wm. Black
United States Magistrate Judge

3